IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW JASON BROWN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 24-CV-0348-GKF-JFJ ) |
| KAMERON HARVANEK,[1] | ) ) ) |
| Respondents. | ) |

## OPINION AND ORDER

Petitioner Matthew Jason Brown ("Brown"), an Oklahoma prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-0361. Dkt. 3. Respondent Kameron Harvanek ("Respondent"), by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, moved to dismiss the petition, arguing Brown failed to file the petition within the one-year limitations period prescribed in 28 U.S.C. § 2554(d)(1). Dkts. 11 and 12. The Court considered the Petition (Dkt. 3), Brown's Supplement (Dkt. 8), Respondent's Motion to Dismiss (Dkt. 11) and Brief in Support (Dkt. 12), Brown's "Optional Reply Brief in Support of Motion of Writ of Habeas Corpus (Dkt. 13), Brown's "Addition to Optional Reply to

---

[1] Brown presently is incarcerated at Howard McLeod Correctional Center, and the only proper respondent in this matter is Kameron Harvanek, the current warden of that facility. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that "there is generally only one proper respondent to a given prisoner's habeas petition" and that "in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"). The Court therefore substitutes Kameron Harvanek, Warden, in place of the State of Oklahoma, as party respondent and terminates Tulsa County as party Respondent. The Clerk of Court shall note on the record this substitution and termination of parties.

Brief in Support of Motion of Writ of Habeas Corpus" (Dkt. 14), and applicable law. For the reasons discussed below, the Motion to Dismiss is granted.

**I. Background**

Brown entered a guilty plea to child neglect on March 27, 2018. Dkt. 12-2 at 18;[2] *see also* Dkt. 12-3. The state district court sentenced Brown to twelve years in the custody of the Department of Corrections with the first seven to be served in custody and the last five to be suspended and under supervision. Dkt. 12-3. Brown did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal).

Brown filed his first Application for Post-Conviction Relief ("First Application") on June 30, 2019. Dkt. 12-4. In his First Application, he argued the state was without jurisdiction to prosecute him because he is an Indian and the crimes occurred in Indian country. *Id.* The district court dismissed the First Application by order entered November 14, 2019. Dkt. 12-6. Brown filed a Petition in Error challenging the district court's decision on December 23, 2019 (Dkt. 12-7), and the OCCA affirmed the district court's decision on February 28, 2020. Dkt. 12-8.

Four months later, the United States Supreme Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction, under the Major Crimes Act, to prosecute certain crimes

---

[2] The Court's citations refer to the CM/ECF header pagination.

committed by Indians within those boundaries. *McGirt v. Oklahoma*, 591 U.S. 894, 913, 933-34 (2020).

Brown filed a Second Application for Post-Conviction Relief on July 16, 2020. Dkt. 12-11. Brown argued, in light of the *McGirt* decision, he should have been charged in "tribal federal court." *Id.* at 2. Brown, through counsel, filed an Amended Application for Post-Conviction Relief, or in the alternative, Application for an Appeal Out of Time on October 12, 2020 ("Second Amended Application"). Dkt. 12-15. The district court entered an Order Granting Post-Conviction Relief, Vacating & Dismissing for Lack of Jurisdiction on May 14, 2021. Dkt. 12-22; *see also* Dkt. 12-23 (Vacated Judgment and Sentence). The state did not perfect an appeal from the order granting Brown post-conviction relief.[3] Brown ultimately was released from state custody. Dkt. 12 at 12.

A few months later, on August 12, 2021, the OCCA determined in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), that *McGirt* did not apply retroactively to convictions that were final at the time *McGirt* was decided. The state filed a Motion to Vacate Order Granting Post-Conviction Relief on September 3, 2021. Dkt. 12-26. The state argued, in light of *Matloff*, the Order Granting Post-Judgment relief should be vacated and Brown's Judgment reinstated. *Id*. The district court entered an Order of Vacatur ruling its "Order granting Petitioner's Application for Post-Conviction Relief was unauthorized by state law and is void[]" on January 26, 2022. Dkt. 12-29 at 2. The district court also stayed the execution of the order pending the outcome of Brown's appeal of the Order of Vacatur. *Id.* Brown filed a Notice of Intent to Appeal

---

[3] The state filed a Notice of Intent to Appeal, and the district court stayed execution of its order pending the outcome of the state's appeal, but the state did not perfect the appeal. Dkt. 12 at 12 n.6; Dkt. 12-25; Dkt. 12-2 at 29.

the Order of Vacatur on February 11, 2022. Dkt. 12-30. However, Brown never perfected an appeal. *See* Dkt. 12-31 at 2.

The state then filed an Application for Warrant of Arrest and Order of Remand to the Custody of the Oklahoma Department of Corrections and a Motion to Lift Stay on May 3, 2023. Dkts. 12-31 and 12-32. The district court issued the warrant on May 4, 2023. Dkt. 12-2 at 34. Brown was arrested on May 7, 2024, and the district court ordered he serve the remainder of his sentence on May 13, 2024. *Id.* at 35.

Brown filed a Petition in Error with the Supreme Court of Oklahoma on June 17, 2024, contending the district court lacked jurisdiction over his original criminal proceeding. Dkt. 12-34. The Oklahoma Supreme Court ruled the Petition in Error "does not request relief within this Court's civil original or appellate jurisdiction[]" and transferred Brown's filings to the docket of the Court of Criminal Appeals. Dkt. 12-35. The Court of Criminal Appeals declined jurisdiction and dismissed Brown's appeal because Brown did not file a certified copy of the district court order denying his request for relief. Order Declining Jurisdiction, *Brown v. Oklahoma*, MA-2024-783 (Okla. Crim. App. Oct. 18, 2024).[4]

After filing his Petition in Error with the Supreme Court of Oklahoma, Brown filed a Motion for Writ of Habeas Corpus on July 22, 2024. Dkt. 1. Pursuant to this Court's order, Brown filed a Petition for Writ of Habeas Corpus on August 12, 2024, using the Court's approved form. Dkt. 3. Brown presents two claims:

---

[4] The Order Declining Jurisdiction and appellate court docket sheet are available to the public through Oklahoma State Courts Network (oscn.net). "Federal courts may take judicial notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue." *Davis v. Morgan*, No. 21-CV-411-GKF-JFJ, 2021 WL 6298321, at *1, n.2 (N.D. Okla. Sep. 27, 2021) (unpublished) (citing *Stack v. McCotter,* 79 F. App'x. 383, 391 (10th Cir. 2003), and *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

>**Ground I:** Mr. Brown should be released immediately and CF-2017-361 be vacated on the grounds Oklahoma cannot prosecute an Indian within Indian Country lacking jurisdiction.
>
>**Ground II:** 18 U.S.C. § 1153 Major Crimes Act

*Id.* at 4, 6. The Court understands Brown's claims to be challenging the state court's jurisdiction to prosecute him. As previously noted, Respondent argues dismissal of the Petition is appropriate because Brown's claims are time-barred. Dkts. 11 and 12.

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### A.  28 U.S.C. § 2244(d)(1)(A)

Brown contends his Petition is timely because it was filed within one year of the "5-4-2024 warrant for arrest" and "5-14-2024 sentencing[.]" Dkt. 3 at 9.[5] While not well developed, to the extent Brown contends the May 13, 2024 "sentencing" created a new judgment thereby providing him with a new date of final judgment under § 2244(d)(1)(A), this contention fails. To be a "new judgment," "there must be some substantive change to the conviction or sentence[.]" *Hendrix v. Bridges*, No. 23-CV-322-JFH-JFJ, 2024 WL 4216632, at *7 (N.D. Okla. Sep. 17, 2024) (unpublished).[6] The Order of Vacatur merely reinstated the 2018 Judgment as if it had never been vacated. And, under the facts of this case and the record presented, there was no resentencing proceeding and no substantive change to Brown's convictions or sentences. *See* Dkt. 13-3 at 35 (Brown ordered to "complete the remaining 7 years from previous sentencing" at May 13, 2024 hearing); *see also Hendrix*, 2024 WL 4216632, at *8 (concluding similarly situated petitioner did not receive a new judgment when post-*McGirt* order granting post-conviction relief was vacated and original judgment reinstated). Therefore, the May 13, 2024 "sentencing" does not provide Brown a new date of final judgment under 28 U.S.C. § 2244(d)(1)(A), and the Court must assess the timeliness of Brown's Petition utilizing the original March 27, 2018, sentencing.

As detailed above, Brown entered his guilty plea and was sentenced on March 27, 2018. Dkt. 12-2 at 18. Brown did not move to withdraw his plea within ten days of sentencing, a precondition to seeking direct review of his conviction and sentence through certiorari appeal with

---

[5] The record reveals the warrant was issued May 4, 2023 (Dkt. 12-2 at 34) and Brown was arrested May 7, 2024. *Id.* at 35. A hearing was held May 13, 2024, and he was ordered to "remain in custody and to be transported to Department of Corrections to complete the remaining 7 years from previous sentencing[.]" *Id.*

[6] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the Oklahoma Court of Criminal Appeals ("OCCA"). *See* Okla. Crim. App. R. 4.2(A); *see also Clayton*, 700 F.3d at 441. Accordingly, his Judgment became final on April 6, 2018. The one-year limitations period for seeking federal habeas relief began to run the following day, on April 7, 2018, and expired one year later, on April 8, 2019.[7] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The Court finds, absent any tolling events, the Petition, filed July 22, 2024 (Dkt. 1),[8] is untimely under 28 U.S.C. § 2244(d)(1)(A).

### B. 28 U.S.C. § 2244(d)(1)(D)

To the extent Brown contends the May 13, 2024 "sentencing" provided a new factual predicate and new trigger date pursuant to § 2244(d)(1)(D), the Court rejects this contention. *See* Dkt. 1 at 9. The Court recognizes Fourteenth Amendment due process claims challenging similar orders vacating an order granting post-conviction relief have been deemed timely under § 2244(d)(1)(D). *See, e.g., Brewer v. Drummond*, 751 F. Supp. 3d 1246, 1259-60 (N.D. Okla. 2024) (finding Fourteenth Amendment due process claim filed by similarly situated petitioner timely under § 2244(d)(1)(D)); *see also Nunley v. Drummond*, No. 23-CV-380-CVE-JFJ, 2024 WL 3433660, at *4-5 (N.D. Okla. July 15, 2024) (unpublished) (same). Significantly, Brown does not challenge the propriety of the district court's Order of Vacatur (Dkt. 12-29) and does not present a Fourteenth Amendment due process claim. *See* Dkt. 1 (Petition is silent regarding the Order of Vacatur); *Childers v. Crow*, 1 F. 4th 792, 798 (10th Cir. 2021) (A district court "may not rewrite a

---

[7] Brown's deadline was technically April 7, 2019. Since April 7, 2019, was a Sunday, Brown's one-year deadline in which to file his habeas action extended to Monday, April 8, 2019. Fed. R. Civ. P. 6(a)(1)(C).

[8] The Court concludes the Petition (Dkt. 3) filed August 12, 2024, relates back to the original filing date, July 22, 2024. Fed. R. Civ. P. 15(c)(1)(B); *see Mayle v. Felix*, 545 U.S. 644, 656-64 (discussing relation-back principle in context of habeas proceeding).

petition to include claims that were never presented.") (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)).

Instead, Brown only advances "*McGirt* claims" challenging the state court's authority to prosecute him, an Indian, for crimes committed in Indian country. *See* Dkt. 3 at 4-6. Under such a claim, the arguable "factual predicate" could have been discovered—at the very latest—when the *McGirt* decision was rendered, not when Brown was "sentenced" in May of 2024. Further, courts routinely and consistently reject the argument that *McGirt* renders a petitioner's habeas petition timely pursuant to § 2244(d)(1)(D). *See Johnson v. Louthan*, No. 22-5064, 2022 WL 4857114, at *3 (10th Cir. Oct. 4, 2022) (unpublished) (rejecting petitioner's argument that his Indian-country jurisdictional claim could be timely under § 2244(d)(1)(D) and reasoning, in part, that a reasonably diligent petitioner could have discovered the factual predicate of the claim before the *McGirt* decision because "the absence of an Act of Congress disestablishing the Creek reservation has been known in this circuit since 2017"); *see also Ford v. Dowling*, No. 22-6138, 2023 WL 2641476, at *3 (10th Cir. Mar. 27, 2023) (unpublished) ("[Section] 2244(d)(1)(D) is inapplicable because nothing in *McGirt* can be said to reveal a new factual predicate for [the petitioner's] claim."); *see also Sweet v. Hamilton*, 634 F. Supp. 3d 1048, 1052 (N.D. Okla. 2022) (rejecting petitioner's arguments that § 2244(d)(1)(D) applies to *McGirt* claim). The Court concludes there are no facts presented in the Petition rendering it timely under § 2244(d)(1)(D).[9]

---

[9] Brown did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(B) or (C). To the extent Brown's position is that *McGirt* somehow renders his Petition timely under §§ 2244(d)(1)(B) or (C), this position lacks merit. *See Owens v. Whitten*, 637 F. Supp. 3d 1245, 1253 (N.D. Okla. 2022) (rejecting petitioner's § 2244(d)(1)(B) argument and noting petitioner's "assertion that Oklahoma's pre-*McGirt* misunderstanding of the jurisdictional landscape in Oklahoma impeded 'the rights of the masses' is not the type of state-created impediment contemplated by § 2244(d)(1)(B) that necessarily would have prevented Owens from filing a timely habeas petition"); *Pacheco v. El Habti*, 62 F.4th 1233, 1246 (10th Cir. 2023) ("*McGirt* announced no new constitutional right" for purposes of § 2244(d)(1)(C)).

### C.  28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for post-conviction relief filed beyond the one-year limitation period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Brown's applications for postconviction relief were filed after April 8, 2019.[10] Therefore, his post-conviction proceedings do not toll the limitations period.

### D.  Equitable tolling

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

In his Petition, Brown appears to request equitable tolling based upon his incarcerated status and his inability to attach proof of his tribal citizenship to his First Application. Dkt. 3 at 9. This line of reasoning fails to provide any specific facts establishing extraordinary circumstances

---

[10] Brown filed his First Application on July 30, 2019. Dkt. 12-4.

preventing Brown from filing the instant Petition within the one year provided by the AEDPA. Thus, Brown is not entitled to equitable tolling.[11]

### III. Conclusion

The Court finds and concludes Brown cannot obtain federal habeas relief under 28 U.S.C. § 2254. Brown's Petition is time-barred, and Brown has not satisfied the requirements to pass through the actual innocence gateway. The Court therefore dismisses the Petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Motion to Dismiss (Dkt. 11) is GRANTED; the Petition (Dkt. 3) is DISMISSED; a certificate of appealability is DENIED; and a separate judgment shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of Court shall note on the record the substitution of Kameron Harvanek, Warden, in place of the State of Oklahoma as party Respondent and the termination of Tulsa County as party Respondent.

DATED this 30th day of June, 2025.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[11] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Brown does not invoke the actual-innocence doctrine. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).